# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------X
DAVID AND TSILIA NIKCHEMNY,

                Plaintiffs,

   -against-

COLONY INS, CO.

                Defendant.
------------------------------------------------------------X

Index No.:
Date Summons Filed:

Plaintiff designates
**KINGS COUNTY**
as the place of trial

## SUMMONS

*Plaintiff's address is:*

1637 Sheepshead Bay Road,
Brooklyn, NY 11235

*Defendant's address is:*

8720 Stony Point Parkway,
suite 300
Richmond, VA 23235

*To the above named Defendants:*

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer, or if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiff's Attorney within the time provided by law as noted below. Upon your failure to answer, judgment will be entered against you for the relief demanded in the Complaint.

**The law provides that: (a) You must appear and answer within twenty (20) days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the State of New York; or (b) You must appear and answer within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.**

_____
Mikhail Usher, Esq.
Usher Law Group P.C.
Attorney for the Plaintiff
2711 Harway Avenue
Tel:   347-985-7800
Fax:   718-865-8566
e-Mail: musheresq@gmail.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------------X
DAVID AND TSILIA NIKCHEMNY,

                        Plaintiffs,

-against-

COLONY INS, CO.

                        Defendant.
---------------------------------------------------------------------X

Index No.:
Date Summons Filed:

**COMPLAINT**

For this complaint, the Plaintiffs DAVID AND TSILIA NIKCHEMNY by and through his attorney, Mikhail Usher, Esq., state as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's New York breach of contract claim as the contract was executed in Kings County, the Plaintiff maintains its primary business address in Kings County.

2. This Court has jurisdiction over the Defendants in the instant action pursuant to CPLR 302(a) because Defendants engaged in business transactions in Kings County.

3. Defendant is a New York Corporation which transacts business in Kings County.

4. Venue and personal jurisdiction are proper in Kings County because a substantial part of the events and omissions giving rise to the claim occurred within the jurisdiction of this Court, the Plaintiff's property is located in Kings County, the Defendant Corporation purposefully availed itself of Kings County by entering into contracts with, and providing services to residents of this County by and through their authorized agents.

## PARTIES

5. Plaintiffs, DAVID AND TSILIA NIKCHEMNY (hereinafter "Plaintiff") is a Kings County resident at the address 182 Girard St., Brooklyn, NY 11235.

6. Defendant, COLONY INS, CO. (hereinafter "Defendant") is a corporation doing business within the state of New York with offices located at: 8720 Stony Point, suite 300, Richmond, Virginia 23235.

## NATURE OF CLAIM

7. This is a breach of contract action by Plaintiff against Defendant who failed to pay for a covered loss sustained to Plaintiff's property 182 Girard St., Brooklyn, NY 11235.

8. At all times material hereto, in consideration of premiums timely and fully paid by Plaintiff, there was in full force and effect a contract of insurance issued by Defendant and designated as policy number MP 3904176 (hereafter, 'the Policy).

9. Pursuant to the terms and conditions of the Policy, Defendant insured Plaintiff against losses to a residential dwelling owned by Plaintiff.

10. Defendant breached the contract by refusing to pay in full for physical damage to Plaintiff's insured property.

## FACTUAL ALLEGATION

11. A covered loss occurred to the Plaintiff's insured property on or about October 29, 2012.

12. All conditions precedent have been performed and all post loss obligations have been complied with or have been waived by the Defendant.

13. The Plaintiff provided the Defendant with numerous documents that were requested and fully cooperated in the investigation of this claim.

14. The Defendant's representative inspected the insured property owned by the Plaintiff located at 182 Girard St., Brooklyn, NY 11235.

15. That Defendant was timely notified of the loss and was not prejudiced in its investigation.

16. Defendant refuses to comply with the terms of the Policy and fully pay for the covered loss sustained to the insured property.

## BREACH OF CONTRACT

17. Plaintiff alleges and incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth herein.

18. That the Defendant was given notice of the loss, inspected and estimated the damage, was shown post loss photographs, and was not prejudiced in its investigation of the claim.

19. That the Plaintiff has demanded full payment of the claim and sufficient time has passed and the Defendant insurance company wrongfully denied coverage and refused to make full payment.

20. That the Plaintiff is entitled to full and complete payment and damages and the Defendant refused to pay and therefore breach the contract.

24. That the Defendant's failure to pay the full and complete claim or accept full coverage is a breach of contract. The above actions constitute a breach of contract on the part of Defendants who expressly contracted, by way of the Policy, to pay for the damage to the Plaintiff's property.

25. That the Defendant wrongfully denied coverage for the Plaintiff's damage claim by failing to do an adequate inspection of the property and make full and complete payment.

26. That as a result of the Defendant's breach of contract, the Plaintiff sustained unpaid damages to the insured property and suffered a loss of use during time for repair.

27. That the Defendant refuses to honor its contractual obligations and pay for the covered losses.

28. That the Defendant has waived all coverage defenses to coverage and is estopped to assert the defenses.

29. Since Plaintiff has had to retain the services of the undersigned attorney to obtain recovery under the insurance contract, the Defendant is responsible for paying reasonable attorney's fees and costs.

**WHEREFORE**, the Plaintiff prays for damages, prejudgment interest, attorney's fees and costs.

## TRIAL BY JURY

30. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, respectfully request that the Court grant him judgment against the defendants as follows:

A. For breach of contract, in the amount excess of $100,000 for the covered losses sustained to the insured property

B. Attorney's Fees and Costs of Litigation.

C. Any and all relief this honorable Court rules to be Just, Proper and Equitable.

Dated: Brooklyn, New York
December 11, 2015

Respectfully submitted,

By: _____
Mikhail Usher, Esq.
2711 Harway Avenue
Brooklyn, New York 11214
Ph: (347) 985-7800
Fx: (718) 865-8566
musheresq@gmail.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X   Index No.:
DAVID AND TSILIA NIKCHEMNY,

                              Plaintiff,

           -against-

COLONY INS, CO.

                             Defendant,
------------------------------------------------------------------X

## ANSWER TO DEFENDANTS COUNTERCLAIMS

**USHER LAW GROUP, P.C.**
*Attorney for Plaintiff*
2711 Harway Ave
Brooklyn, New York 11214
Tel.: (347) 985-7800
Fax: (718) 865-8566

***Pursuant to 22 NYCRR §130-1.1,*** *the undersigned, an attorney admitted to practice in the courts of New York State certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

Dated: December 3, 2015

                                                                  Mikhail Usher, Esq.

To: Colony Ins. Co.
    8720 Stony Point Parkway,
    Suite 300
    Richmond, VA 23235